UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JACKIE D. MASON,

        Plaintiff,

  v.                                          Case No. 25-cv-1157-pp

THOMAS REED,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE**

---

On August 5, 2025, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The complaint alleges that the defendant allowed the plaintiff to be represented by an attorney who did not provide the plaintiff competent representation. Dkt. No. 1. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will dismiss the complaint.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit avers that he is unmarried with no dependents. Dkt. No. 2 at 1. It avers that he is unemployed. Id. at 2. The affidavit avers that the plaintiff's only income is the $733 a month he receives from Supplemental Social Security. Id. The affidavit avers that the plaintiff has $733 (his entire income) in monthly expenses. Id. at 3. The affidavit does not list any expenses for rent, car payments or debts, only "other household expenses" for things like groceries, medical costs and utilities. Id. at 2–3. For assets, the affidavit states the plaintiff has a car worth $700 and $3.00 in cash. Id. at 3. The affidavit does not list any other assets. The affidavit avers that "the plaintiff was unlawfully imprisoned between 2012 and 2022, causing extreme hardship in all area's [sic] of his life." Id. at 4 (as in original).

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without

2

*prepayment* of fees,' but not without ever paying fees.") (emphasis in original). The plaintiff must pay the filing fee over time, as he is able.

## II. Screening the Complaint

### A. Legal Standard

The court must decide whether the amended complaint alleges claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). The court must accept as true the *factual* allegations in the complaint, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." United States *ex rel.* v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). Because the plaintiff is representing

3

himself, the court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B.   Facts Alleged in the Complaint (Dkt. No. 1)

The last paragraph of the complaint summarizes the plaintiff's allegations against the defendant:

> [T]he Plaintiff asserts, Thomas Reed, in his position as head of the Milwaukee Office of the State of Wisconsin Public Defender's Office, knowingly, and intentionally violated, in light of the facts of the matter, his rights guaranteed under the 4th, 5th, 6th, and 14th Amendments of the United States Constitution when he retained, hired, assigned and or appointed, Attorney of Law License now suspended, notorious lawyer, Michael John Hicks, to represent the Plaintiff on behalf of the Public Defenders Office in State of Wisconsin, v. Jackie Mason, Case No. 12CF000228.

Dkt. No. 1 at 6 (as in original).

The plaintiff starts by explaining that in the summer of 2012, the defendant assigned Attorney Michael Hicks to represent him in a state criminal case, Wisconsin v. Jackie Mason, Case No. 12CF000228.[1] Id. at 2. The complaint states that before he was assigned to the plaintiff's case, Hicks had been publicly reprimanded by the Wisconsin Supreme Court for misconduct in other cases. Id. It asserts that while representing the plaintiff, Hicks repeatedly violated the plaintiff's rights "guaranteed under the United State's [sic] Constitution and Wisconsin Supreme Court Rules." Id. at 2–3. The complaint states that the plaintiff was convicted and sentenced to thirty-eight years. Id. at 3. The complaint states that, "[i]n 2022, that conviction was found to be

---

[1] This records for this case are not available on the Wisconsin Circuit Court Access Program. https://wcca.wicourts.gov/case.html.

unconstitutional and the charges against the Plaintiff were dismissed in September of 2022, in Milwaukee Co. Circuit Court."² Id.

The complaint states that in September of 2012, Hicks's law license was suspended, which the defendant knew or should have known. Id. at 3. The complaint alleges that the defendant knew or should have known that Hicks "was to be removed from all case's he was involved in," but that the defendant "disregarded the Wisconsin Supreme Court Order and continued to pay and allow [the defendant] reprensent [sic] people in case's [the defendant] was over seeing, Encluding [sic] the Plaintiffs." Id. The complaint lists a number of things that the defendant "knew or should have known," including (1) that Hicks had numerous complaints against him with the Wisconsin Office of Lawyer Regulations; (2) that Hicks was dealing with health issues that impacted his ability to effectively represent his clients; (3) that "Milwaukee County Circuit Court judges were forcing people to go to trial with Atty. Hicks as there [sic] attorney over their objections because of Atty. Hicks repeated acts of misconduct;" (4) that Hicks continued his misconduct in his cases after his reprimand; and (5) that Hicks's representation of the plaintiff violated the Fifth, Sixth and Fourteenth Amendments. Id. at 4. The complaint asserts that the defendant knew that Hicks's representation of the plaintiff would be constitutionally deficient, but appointed him anyway. Id. at 5-6. It says that the

---

² This court granted the plaintiff's *habeas* petition. Mason v. Hepp, Case No. 18-cv-1351 (E.D. Wis.). The undersigned ordered the State of Wisconsin to either release the plaintiff or to retry him. Id. at Dkt. No. 31 at 104. The state attempted to retry the plaintiff but dismissed the proceedings "following an evidentiary ruling adverse to the State." Id. at Dkt. No. 42 at 1.

defendant's actions caused the plaintiff to be wrongfully imprisoned for over ten years. Id. at 6. The complaint states that "[t]he Plaintiff seeks a monatary [sic] judgment of ten (10) million dollars." Id. at 7.

C. Analysis

At the time of the events described in the complaint, the defendant was the regional attorney manager of the Milwaukee Trial Office of the Wisconsin State Public Defender's Office. See https://www.wispd.gov/news/press-release/tom-reed-retires-from-spd-after-more-than-40-years-of-service/. The plaintiff alleges that the defendant violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. Id. at 6. Normally, people cannot sue each other for alleged constitutional violations. But there is a federal statute that allows someone to sue a person acting under the authority of the state for violating a plaintiff's civil rights. That statute is 42 U.S.C. §1983. To state a claim under §1983, the plaintiff must allege that (1) the defendant violated one of the plaintiff's constitutional rights and (2) the defendant was acting "under color of state law" when he did so. West v. Atkins, 487 U.S. 43, 48 (1988). "Under color of state law" means that the defendant was acting with authority granted to him by a state. DiDonato v. Panatera, 24 F.4th 1156, 1159 (7th Cir. 2022). Section 1983 is the only way the plaintiff can sue the defendant for money damages for alleged violations of his constitutional rights.

But the defendant is not subject to suit under §1983 because he is not a state actor. "[A] court-appointed public defender is not a state actor, and thus

6

cannot be sued under 42 U.S.C. § 1983."³ McDonald v. White, 465 F. App'x 544, 548 (7th Cir. 2012) (citing Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") See also Beaver v. Union County, Pa., 619 F. App'x 80, 83 (3d Cir. 2015) (affirming chief public defender was not acting under color of state law); Keener v. Cork, Case No. 24-CV-201, 2024 WL 3508633 at *1 (N.D. Ind. July 19, 2024) (holding the same). The plaintiff's complaint fails to state a claim because he has not sued a state actor.

Although courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). It would be futile to allow the plaintiff to file an amended complaint regarding his claim that the defendant was liable for violating the plaintiff's constitutional rights because the relevant case law precludes the claim.

## III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

---

³ The plaintiff assumes that the *defendant* appointed Attorney Hicks to represent him, but state public defenders—like the defendant, and like the private panel lawyers who accepted State Public Defender appointments—are appointed by the court.

The court **ORDERS** that the case is **DISMISSED** for failure to state a claim. Dkt. No. 1. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he/she should be aware that the appellate filing fee is $605. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he/she must file a motion *in this court*. See Fed. R. App. P. 24(a)(1).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 19th day of November, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**